IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAAMAN EUGENE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-06-318-T |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis,* brought this action pursuant to 42 U.S.C. §1983; he alleges that defendant has violated his constitutional rights, and he seeks $20 million in compensatory damages as well as undefined injunctive and declaratory relief. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

As required by 28 U.S.C. §1915(e)(2), the magistrate judge reviewed the complaint upon filing, and he concluded that the action should be dismissed as frivolous pursuant to 28 U. S. C. § § 1915A and 1915(e)(2)(B). On April 20, 2006 the magistrate judge filed a Report and Recommendation [Doc. No. 8] in which he recommended that the action be dismissed upon filing. (e)(2)(B)(ii). Because plaintiff has timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Plaintiff alleges that he was denied his right of access to the courts and his right to due process because the Department of Corrections allows "Incompetent Inmates" to work as law clerks, allegedly with the intent to cause the inmates' court claims to fail. The sole defendant is the director of the Department of Corrections, a state official.

As the magistrate judge points out in the Report and Recommendation, it is well settled that a state official sued in his official capacity is immune from liability for damages. *See, e.g.,* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Therefore, defendant is immune from liability for money damages to the extent he is sued in his official capacity; inasmuch as asserts no claim for prospective injunctive relief, the official capacity claims have no legal basis, and dismissal is required.

Furthermore, as the magistrate judge discussed in detail in the Report and Recommendation, plaintiff's claims against defendant in his individual capacity have no arguable legal basis. His allegations in the complaint reference some of the numerous lawsuits he has filed, and he contends that he was unsuccessful in most of these suits because of allegedly insufficient legal assistance from the prison law clerks.

As the magistrate judge noted, however, the records of this court reflect that plaintiff's repeated attempts to obtain habeas relief have been denied on procedural grounds; in fact, he has repeatedly filed habeas petitions without the proper authorization from the Tenth Circuit Court of Appeals to file a second or successive habeas petition. Where he has sought such authorization, it has been denied on the merits. Plaintiff has also filed civil rights claims, and those were dismissed as frivolous.

The record of this court reflects that, between 1993 and 2004, plaintiff filed eight causes of action in this court. As explained in detail in the Report and Recommendation[1], he was granted conditional habeas relief in one case, was granted a new trial in the state court, and was convicted;

---

[1] The Report and Recommendation contains a detailed chronology and discussion of the lawsuits filed as well as the disposition of each. See pages 4-6. That discussion need not be repeated here, but is adopted as though fully set forth herein.

those convictions were affirmed on direct appeal. *See* discussion at page 4 of the Report and Recommendation. Plaintiff then filed a successive civil rights claims which were dismissed as frivolous. He then filed another habeas action, which was dismissed. Subsequently, without obtaining authorization from the Tenth Circuit, he filed additional habeas petitions. When the court transferred same to the Tenth Circuit for consideration, authorization to file was denied. Ultimately, the Tenth Circuit warned plaintiff that, because he had filed five petitions seeking habeas relief from the same convictions, he could face sanctions if he continued such filings. Notwithstanding that warning, he filed yet another habeas action; the Tenth Circuit directed him to show cause why he should not be sanctioned.

The undersigned agrees with the magistrate judge that plaintiff's current lawsuit asserts claims which have no legal basis and, therefore, are deemed frivolous under § 1915. Plaintiff's objection to the Report and Recommendation offers no persuasive legal basis or argument in opposition to the findings and conclusions of the magistrate judge. The Report and Recommendation [Doc. No. 8] is adopted as though fully set forth herein. The action is dismissed pursuant to 28 U. S. C. § § 21915A and 1915(e)(2)(B).

IT IS SO ORDERED this 23rd of May, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE